**CT Corporation**

**Service of Process Transmittal**
12/11/2015
CT Log Number 528310910

**TO:** Stephanie Zedek, Administrative Assistant
Family Dollar Stores, Inc.
10401 Monroe Rd
Matthews, NC 28105-5349

**RE:** Process Served in Illinois

**FOR:** Family Dollar, Inc. (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** MIGUEL A. RAMIREZ, Pltf. vs. FAMILY DOLLAR STORES OF ILLINOIS, INC., etc., et al., Dfts. // To: Family Dollar, Inc.

**DOCUMENT(S) SERVED:** Summonses, Attachment(s), Complaint

**COURT/AGENCY:** Cook County - Domestic Relations Division - Circuit Court, IL
Case # 2015L012380

**NATURE OF ACTION:** Personal Injury - Slip/Trip and Fall - 5711 West 63rd, Chicago, IL

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Chicago, IL

**DATE AND HOUR OF SERVICE:** By Process Server on 12/11/2015 at 09:45

**JURISDICTION SERVED:** Illinois

**APPEARANCE OR ANSWER DUE:** Within 30 days after service, not counting the day of service

**ATTORNEY(S) / SENDER(S):** Law Offices of Gregory G. Balos, L.L.C.
211 West Wacker Drive
Suite 1800
Chicago, IL 60606
312-379-0364

**ACTION ITEMS:** CT has retained the current log, Retain Date: 12/12/2015, Expected Purge Date: 12/17/2015

Image SOP

Email Notification, Stephanie Zedek szedek@familydollar.com

Email Notification, Melissa Collins mcollins2@familydollar.com

**SIGNED:** C T Corporation System
**ADDRESS:** 208 South LaSalle Street
Suite 814
Chicago, IL 60604
**TELEPHONE:** 312-345-4336

Page 1 of 1 / KC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS SUMMONS | (2-81) CCG-1 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT LAW DIVISION

| | | |
|---|---|---|
| MIGUEL A. RAMIREZ, | ) | 2015L012380 |
| | ) | CALENDAR/ROOM R |
| Plaintiff, | ) | TIME 00:00 |
| | ) | Premises Liability |
| v. | ) No. | |
| | ) | **Please Serve**: |
| FAMILY DOLLAR, INC., et. al, | ) | Family Dollar, Inc. |
| | ) | c/o CT Corporation System |
| | ) | Registered Agent |
| Defendants. | ) | 208 South LaSalle St #814 |
| | | Chicago, Illinois 60604 |

### SUMMONS

To each defendant :

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, a JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS . . . . . . . . . . . . . . . . . . . . . . ., 2015.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Clerk of C**DOROTHY BROWN** DEC - 8 2015

Atty No: 35458
Law Offices of Gregory G Balos, LLC
Attorney for Plaintiff
211 Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 379-0364

Date of service: . . . . . . . . . . . . . . . . . . . ., 2015.
(To be inserted by officer on copy left with defendant or other person)

**Dorothy Brown**, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, Illinois

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202



DOC.TYPE: LAW
CASE NUMBER: 15L012380
DEFENDANT
FAMILY DOLLAR INC
208 S LASALLE ST
CHICAGO, IL 60604
814

DIE DATE
12/31/2015

SERVICE INF
RM 801 CT C

ATTACHED

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS SUMMONS |

(2-81) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT LAW DIVISION

MIGUEL A. RAMIREZ, )
                                       )
        Plaintiff, )
                                       )
v. ) No.
                                       )
FAMILY DOLLAR, INC., et. al, )
                                       )
       Defendants. )

2015L012380
CALENDAR/ROOM R
TIME 00:00
Premises Liability

**Please Serve**:
Family Dollar, Inc.
c/o CT Corporation System
Registered Agent
208 South LaSalle St #814
Chicago, Illinois 60604

### SUMMONS

To each defendant :

     YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, a JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the Officer:

     This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS . . . . . . . . . . . . . . . . . . . . . . . ., 2015.

. . . . . . . . . . . . . . . . . . . . . . . . DOROTHY BROWN DEC - 8 2015
                      Clerk of Court

Atty No: 35458
Law Offices of Gregory G Balos, LLC
Attorney for Plaintiff
211 Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 379-0364

Date of service: . . . . . . . . . . . . . . . . . . . . . ., 2015.
     (To be inserted by officer on copy left with
     defendant or other person)

    **Dorothy Brown, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202



DIE DATE
12/31/2015

DOC.TYPE: LAW
CASE NUMBER: 15L012380
DEFENDANT
FAMILY DOLLAR INC
208 S LASALLE ST
CHICAGO, IL 60604
814

SERVICE INF
RM 801 CT C

ATTACHED

STATE OF ILLINOIS)
                ) SS
COUNTY OF COOK)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MIGUEL A. RAMIREZ, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| FAMILY DOLLAR STORES OF ILLINOIS, INC., ) | 2015L012380 |
| a corporation, FAMILY DOLLAR, INC., a ) | CALENDAR/ROOM R |
| corporation, d/b/a FAMILY DOLLAR, ) | TIME 00:00 |
| ) | Premises Liability |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MIGUEL A. RAMIREZ, by his attorneys, LAW OFFICES OF GREGORY G. BALOS, L.L.C., and complaining of defendants, FAMILY DOLLAR STORES OF ILLINOIS, INC., a corporation, FAMILY DOLLAR, INC., a corporation, d/b/a FAMILY DOLLAR, (hereinafter "FAMILY DOLLAR"), states as follows:

1. On December 8, 2013, prior thereto and at all times herein complained of FAMILY DOLLAR was a corporation and entity existing and doing business in the City of Chicago, County of Cook, State of Illinois.

2. On December 8, 2013, prior thereto and at all times herein complained of FAMILY DOLLAR owned, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a discount store, located at 5711 West 63rd, Chicago, Illinois.

3. On December 8, 2013, prior thereto and at all times herein complained of FAMILY DOLLAR possessed, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a discount store, located at 5711 West 63rd, Chicago, Illinois.

4. On December 8, 2013, prior thereto and at all times herein complained of FAMILY DOLLAR operated, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a discount store, located at 5711 West 63rd, Chicago, Illinois.

5. On December 8, 2013, prior thereto and at all times herein complained of FAMILY DOLLAR managed, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a discount store, located at 5711 West 63rd, Chicago, Illinois

6. On December 8, 2013, prior thereto and at all times herein complained of FAMILY DOLLAR maintained, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a discount store, located at 5711 West 63rd, Chicago, Illinois

7. On December 8, 2013, prior thereto and at all times herein complained of FAMILY DOLLAR controlled, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a discount store, located at 5711 West 63rd, Chicago, Illinois

8. At the time and place aforesaid, the plaintiff, MIGUEL A. RAMIREZ, was an invitee lawfully upon said premises, and at the time of said occurrence and prior thereto, he was conducting himself in an orderly, peaceful and inoffensive manner.

9. At the time and place aforesaid, it was the duty of defendant, FAMILY DOLLAR, to own said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, MIGUEL A. RAMIREZ.

10. At the time and place aforesaid, it was the duty of defendant, FAMILY DOLLAR, to possess said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, MIGUEL A. RAMIREZ.

11. At the time and place aforesaid, it was the duty of defendant, FAMILY DOLLAR, to operate said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, MIGUEL A. RAMIREZ.

12. At the time and place aforesaid, it was the duty of defendant, FAMILY DOLLAR, to manage said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, MIGUEL A. RAMIREZ.

13. At the time and place aforesaid, it was the duty of defendant, FAMILY DOLLAR, to maintain said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, MIGUEL A. RAMIREZ.

14. At the time and place aforesaid, it was the duty of defendant, FAMILY DOLLAR, to control said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, MIGUEL A. RAMIREZ.

15. At the time and place aforesaid, and prior thereto, the defendant, FAMILY DOLLAR, well-knowing its duties in this regard, negligently and carelessly caused and permitted said premises to become and remain in an unsafe dangerous condition for persons, including the plaintiff, MIGUEL A. RAMIREZ, using said premises.

16. At the time and place aforesaid, the plaintiff, MIGUEL A. RAMIREZ, was walking in the aforementioned premises when he was caused to slip and fall on an unnatural substance based/wet floor leading into the store within said FAMILY DOLLAR premises.

17. At the time and place aforesaid, the defendant, FAMILY DOLLAR, individually, aggregately and through their agents, servants and employees, were negligent and careless in one or more of the following acts and/or omissions:

    (a) Improperly operating, managing, maintaining and controlling the aforesaid premises;

    (b) Allowing and permitting the substance based/wet floor to remain in an unsafe and dangerous condition;

    (c) Failing to properly and adequately inspect the substance based/wet floor when said defendant knew, or should have known, that said inspection was necessary to prevent injury to the plaintiff, MIGUEL A. RAMIREZ.

(d) Failing to properly and adequately eliminate the unsafe and dangerous condition contained within the premises;

(e) Failing to make a reasonable inspection of the aforesaid premises, and specifically the substance based/wet floor area, when the defendant knew, or should have known, that said inspection was necessary to prevent injury to plaintiff, MIGUEL A. RAMIREZ.

(f) Failing to warn the plaintiff, MIGUEL A. RAMIREZ, of the unsafe and dangerous condition, specifically the substance based/wet floor area, upon and within the premises when defendant knew, or should have known, that said warning was necessary to prevent injury to said plaintiff;

(g) Failing to eliminate unsafe and dangerous conditions on its premises, namely upon the substance based/wet floor;

(h) Allowing, inviting and permitting the public, including the plaintiff, MIGUEL A. RAMIREZ, to use the premises when the defendant knew, or should have known, of its unsafe and dangerous condition;

(i) Failing to monitor the condition of the premises, and specifically the substance based/wet floor, to determine whether any defects were contained within same;

(j) Failing to provide a safe means of walking within said premises for the public, including the plaintiff, MIGUEL A. RAMIREZ, by allowing and permitting the substance based/wet floor to be utilized in an unsafe and dangerous condition;

(k) Failing to provide a safe and alternate path of progression for the public, including the plaintiff, MIGUEL A. RAMIREZ, to utilize within the aforesaid premises while allowing and permitting an unsafe and dangerous substance based/wet floor upon and within its building;

(l) Failing to place the standard "wet floor" triangular cone on the substance based/wet floor to warn the public, including the plaintiff, MIGUEL A. RAMIREZ, of the unsafe and dangerous nature of the wet floor if walked upon;

(m) Failing to provide floor mats that were in the path of progression for the public, including the plaintiff, MIGUEL A. RAMIREZ, that were previously provided within the same path of progression prior to the occurrence date; and

(n) Was otherwise negligent and/or careless in the performance of the duties they owed to the plaintiff, MIGUEL A. RAMIREZ.

18. As a direct and proximate result of one or more of the above-mentioned acts and/or omissions of the defendants, FAMILY DOLLAR, the plaintiff, MIGUEL A. RAMIREZ, suffered severe and permanent personal injuries, as well as injuries of a pecuniary nature.

WHEREFORE, the Plaintiff, MIGUEL A. RAMIREZ, demands judgment against defendants, FAMILY DOLLAR STORES OF ILLINOIS, INC., a corporation, FAMILY DOLLAR, INC., a corporation, d/b/a FAMILY DOLLAR, in a dollar amount in excess of fifty thousand dollars ($50,000.00), the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem properly, and additionally, costs of this suit.

Respectfully Submitted,

One of the Attorneys for Plaintiff

Law Offices of Gregory G. Balos, L.L.C.
211 West Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 379-0364
#35458